1  KEVIN E. GAUT (SBN 117352)
   MITCHELL SILBERBERG & KNUPP LLP
2  2049 Century Park East, 18th Floor
   Los Angeles, CA  90067-3120
3  Telephone: (310) 312-2000
   Facsimile: (310) 312-3100
4
   Attorneys for Defendants
5  Valnet Inc. and Valnet U.S. Inc.

6

7

8              UNITED STATES DISTRICT COURT

9             SOUTHERN DISTRICT OF CALIFORNIA

10                  SAN DIEGO DIVISION

11  NICHOLAS HAZLETON, an          CASE NO. 24-CV-2298-RBM-AHG
    Individual,
12                                 Hon. Ruth Bermudez Montenegro
              Plaintiff,
13                                 **ANSWER OF DEFENDANTS
       v.                          VALNET INC. AND VALNET U.S.
14                                 INC. TO PLAINTIFF'S
    VALNET INC., a Canadian        COMPLAINT;**
15  Corporation; VALNET USA INC., a
    Delaware Corporation,          **DEMAND FOR JURY TRIAL**
16
              Defendant.
17

18

19

20

21

22

23

24

25

26

27

28
                                          CASE NO. 24-CV-2298-RBM-AHG
──────────────────────────────────────────────────────
             ANSWER OF DEFENDANTS VALNET INC. AND VALNET U.S. INC.
                         TO PLAINTIFF'S COMPLAINT

Defendants Valnet Inc. and Valnet U.S. Inc. (erroneously sued as "Valnet USA Inc.") (collectively "Defendants"), by their undersigned counsel, hereby answer the complaint of Plaintiff Nicholas Hazleton ("Plaintiff") as follows:

## NATURE OF THE ACTION[1]

1.      The allegations of paragraph 1 purport to be quotes from various sources, which in all respects speak for themselves.  Except as alleged, Defendants deny the allegations of paragraph 1.

2.      In response to paragraph 2, Valnet alleges that the business of Valnet Inc. involves digital publication of various content and that it contracts with various persons to help provide such content.  Except as expressly alleged, Defendants deny the allegations of paragraph 2.

3.      In response to paragraph 3, Defendants admit that Plaintiff purports to bring certain claims, but denies that such claims have any merit.  Except as expressly admitted, Defendants deny the allegations of paragraph 3.

## JURISDICTION AND VENUE

4.      In response to paragraph 4, Defendants lack information or belief as to the citizenship of Plaintiff; admit that they are citizens of a foreign state or country; but deny that there is subject matter jurisdiction under 28 U.S.C. §1332.

5.      Defendants admit that they contract with certain persons in California and that they provide certain content, which is available in California, but except as expressly admitted deny the allegations of paragraph 5.

6.      Defendants deny the allegations of paragraph 6.

---

[1]  The headings of the Complaint correspond to those used in Plaintiff's Complaint and are included herein for convenience.  To the extent such headings contain any factual allegations or legal conclusions, Defendants deny each and every such allegation and conclusion.

Mitchell Silberberg & Knupp LLP

20482619.3

**ANSWER OF DEFENDANTS VALNET INC. AND VALNET U.S. INC.
TO PLAINTIFF'S COMPLAINT**

# THE PARTIES

## Plaintiff

7.      Defendants lack information or belief as to the current residence of Mr. Hazleton; admit that he is over 18; admit that he had stopped working for Valnet Inc. as of April 2024; and except as expressly admitted, Defendants otherwise deny the allegations of paragraph 7.

## Defendants

8.      Defendants admit that Valnet Inc. is a Canadian corporation based in Montreal Quebec, and except as expressly admitted deny the allegations of paragraph 8.

9.      Defendants admit that Valnet U.S. Inc. is a Delaware corporation based in Miami, Florida, and except as expressly admitted deny the allegations of paragraph 9.

10.     Defendants deny the allegations of paragraph 10.

11.     Defendants deny the allegations of paragraph 11.

# FACTS COMMON TO ALL COUNTS

## About Valnet

12.     In response to paragraph 12, Defendants allege that the quoted publications in all respects speak for themselves; that Valnet Inc. does operate various brands and properties including those mentioned; and that its advertising revenue may depend in part in some circumstances upon traffic to its websites and channels.  Except as expressly alleged, Defendants deny the allegations of paragraph 12.

13.     In response to paragraph 13, Defendants allege that Valnet Inc. enters into written agreements with various independent contractors to provide content and other services for some of its properties, and that such contracts in all respects speak for themselves.  Except as expressly alleged, Defendants deny the allegations of Paragraph 13.

**Plaintiff's Employment**

14.    In response to paragraph 14, Defendants allege that Plaintiff worked in various positions for Valnet, Inc. and was paid during certain periods flat amounts that ranged $24,000 to $48,000 per year.  Except as expressly alleged, Defendants deny the allegations of paragraph 14.

**Valnet Unlawfully Classifies Its Employees as Independent Contractors**

15.    Defendants deny the allegations of paragraph 15.

16.    Defendants deny the allegations of paragraph 16.

17.    In response to paragraph 17, Defendants admit that Plaintiff was at one time provided a HotCars email address and signature line.  Except as expressly admitted, Defendants deny the allegations of paragraph 17.

18.    In response to paragraph 18, Defendants admit that Plaintiff was at one time listed on the HotCars website.  Except as expressly admitted, Defendants deny the allegations of paragraph 18.

19.    In response to paragraph 19, Defendants allege that Plaintiff was subject to certain contractual provisions which in all respects speak for themselves; that Valnet Inc. had the right to discharge Plaintiff at will; that at one point Valnet Inc. paid Plaintiff at a fixed rate and provided him with periodic performance reviews; that Plaintiff could not fire or hire workers entirely on his own; that Valnet, Inc. provided certain guidelines for Plaintiff's work but Plaintiff also had large discretion in providing his services; and that Plaintiff was involved in some overview of other workers.  Except as expressly alleged, Defendants deny the allegations of paragraph 19.

**The Harm Caused by Valnet's Unlawful Business Model Is Substantial**

20.    Defendants deny the allegations of paragraph 20.

21.    Defendants deny the allegations of paragraph 21.

22.    In response to paragraph 22, Defendants allege that Plaintiff was properly classified as an independent contractor and was not entitled to any

Mitchell
Silberberg &
Knupp LLP

20482619.3

4

CASE NO. 24-CV-2298-RBM-AHG

**ANSWER OF DEFENDANTS VALNET INC. AND VALNET U.S. INC.
TO PLAINTIFF'S COMPLAINT**

employee protections or benefits.  Except as expressly alleged, Defendants deny the allegations of paragraph 22.

23.    Defendants deny the allegations of paragraph 23.

24.    In response to paragraph 24, Defendants allege that Valnet Inc. paid Plaintiff at certain times in part for completed work and other times in part a flat amount.  Except as expressly alleged, Defendants deny the allegations of paragraph 24.

25.    In response to paragraph 25, Defendants allege that Plaintiff's compensation was not directly tied to hours he worked.  Except as expressly alleged, Defendants deny the allegations of paragraph 25.

26.    In response to paragraph 26, Defendants admit that Valnet Inc. did not pay overtime wages to Plaintiff or any other independent contractors, but deny that they had any obligation to do so.  Except as expressly admitted, Defendants deny the allegations of paragraph 26.

27.    In response to paragraph 27, Defendants allege that they had no obligation to reimburse expenses to Plaintiff or other independent contractors. Except as expressly alleged, Defendants deny the allegations of paragraph 27.

28.    Defendants deny the allegations of paragraph 28.

29.    In response to paragraph 29, Defendants allege that the cited laws in all respects speak for themselves and that Plaintiff and other independent contractors were not entitled to sick leave.  Except as expressly alleged, Defendants deny the allegations of paragraph 29.

30.    In response to paragraph 30, Defendants allege that Plaintiff and other independent contractors were not entitled to wage statements that met all requirements of Labor Code section 226, but that there are certain records, including pay records, concerning such independent contractors.  Except as expressly alleged, Defendants deny the allegations of paragraph 30.

Mitchell
Silberberg &
Knupp LLP
20482619.3

5                CASE NO. 24-CV-2298-RBM-AHG
ANSWER OF DEFENDANTS VALNET INC. AND VALNET U.S. INC.
TO PLAINTIFF'S COMPLAINT

31.    In response to paragraph 31, Defendants allege that the cited laws and other publications speak for themselves.  Except as expressly alleged, Defendants deny the allegations of paragraph 31.

32.    Defendants deny the allegations of paragraph 32.

**Valnet Unlawfully Discharged Plaintiff for Reporting Conduct that Violated the Law and for Refusing to Participate in the Same**

33.    Defendants deny the allegations of paragraph 33.

34.    Defendants deny the allegations of paragraph 34.

35.    Defendants deny the allegations of paragraph 35.

36.    Defendants deny the allegations of paragraph 36.

**Valnet Unlawful Restricts Its Workers with Invalid Noncompete Agreements**

37.    Defendants deny the allegations of paragraph 37.

38.    Defendants deny the allegations of paragraph 38.

## PRIVATE ATTORNEYS GENERAL ACT

39.    In response to paragraph 39, Defendants admit that there has been a version of PAGA in effect during periods when Mr. Hazelton provided services to Valnet Inc.  Except as expressly admitted, Defendants deny the allegations of paragraph 39.

40.    In response to paragraph 40, Defendants allege that the quoted Labor Code provisions in all respects speaks for themselves.  Except as expressly alleged, Defendants deny the allegations of paragraph 40.

41.    In response to paragraph 41, Defendants allege that the quoted Labor Code provisions in all respects speaks for themselves.  Except as expressly alleged, Defendants deny the allegations of paragraph 41.

42.    In response to paragraph 42, Defendants admit that Mr. Hazelton sent a letter to the LWDA, but deny any of the alleged violations occurred and otherwise deny the allegations of paragraph 42.

43.    In response to paragraph 42, Defendants allege that the cited Labor Code provision in all respects speaks for itself and that Defendants need not cure anything.  Except as expressly alleged, Defendants deny the allegations of paragraph 43.

**<u>COUNT I</u>**

**Willful Misclassification**

**In Violation of California Labor Code §226.8 Recoverable via PAGA**

**(Against All Defendants)**

44.    Defendants reallege and incorporate herein by reference their responses to Paragraphs 1 through 43 as though set forth in full.

45.    In response to paragraph 45, Defendants allege that the cited Labor Code provision in all respects speaks for itself.  Except as expressly alleged, Defendants deny the allegations of paragraph 45.

46.    In response to paragraph 46, Defendants allege that the cited Labor Code provisions in all respects speak for themselves.  Except as expressly alleged, Defendants deny the allegations of paragraph 46.

47.    In response to paragraph 47, Defendants allege that the cited Labor Code provisions in all respects speak for themselves.  Except as expressly alleged, Defendants deny the allegations of paragraph 47.

48.    Defendants deny the allegations of paragraph 48.

49.    In response to paragraph 49, Defendants admit that Plaintiff purports to seek certain penalties but deny such penalties can be awarded and otherwise deny the allegations of paragraph 49.

50.    Defendants deny the allegations of paragraph 50.

51.    Defendants deny the allegations of paragraph 51.

Mitchell
Silberberg &
Knupp LLP

20482619.3

**ANSWER OF DEFENDANTS VALNET INC. AND VALNET U.S. INC.**
**TO PLAINTIFF'S COMPLAINT**

## COUNT II

**Failure to Pay All Wages Due and Owing**

**In Violation of California Labor Code §218**

**(Against All Defendants)**

52.    Defendants reallege and incorporate herein by reference their responses to Paragraphs 1 through 51 as though set forth in full.

53.    In response to paragraph 53, Defendants allege that the cited Labor Code provision in all respects speaks for itself.  Except as expressly alleged, Defendants deny the allegations of paragraph 53.

54.    Defendants deny the allegations of paragraph 54.

55.    Defendants deny the allegations of paragraph 55.

56.    Defendants deny the allegations of paragraph 56.

## COUNT III

**Failure to Pay Minimum Wage**

**In Violation of California Labor Code §§1194 and 1197, and Wage Order 4**

**(Against All Defendants)**

57.    Defendants reallege and incorporate herein by reference their responses to Paragraphs 1 through 56 as though set forth in full.

58.    In response to paragraph 58, Defendants allege that the cited Labor Code provisions in all respects speak for themselves.  Except as expressly alleged, Defendants deny the allegations of paragraph 58.

59.    In response to paragraph 59, Defendants allege that the cited Labor Code provisions and regulations in all respects speak for themselves.  Except as expressly alleged, Defendants deny the allegations of paragraph 59.

60.    In response to paragraph 60, Defendants allege that the cited regulations and cases in all respects speak for themselves.  Except as expressly alleged, Defendants deny the allegations of paragraph 60.

Mitchell
Silberberg &
Knupp LLP
20482619.3

8                    CASE NO. 24-CV-2298-RBM-AHG
ANSWER OF DEFENDANTS VALNET INC. AND VALNET U.S. INC.
TO PLAINTIFF′S COMPLAINT

61.    In response to paragraph 61, Defendants allege that Valnet Inc. did pay Plaintiff at various times in part in fixed amounts per piece or per time period for work performed.  Except as expressly alleged, Defendants deny the allegations of paragraph 61.

62.    In response to paragraph 62, Defendants allege that the cited Labor Code provision in all respects speaks for itself.  Except as expressly alleged, Defendants deny the allegations of paragraph 62.

63.    Defendants deny the allegations of paragraph 63.

## COUNT IV

### Failure to Pay Overtime Compensation

### In Violation of California Labor Code §§510, 1194 and Wage Order 4

### (Against All Defendants)

64.    Defendants reallege and incorporate herein by reference their responses to Paragraphs 1 through 63 as though set forth in full.

65.    In response to paragraph 65, Defendants allege that the cited Labor Code provisions and regulations in all respects speaks for themselves.  Except as expressly alleged, Defendants deny the allegations of paragraph 65.

66.    In response to paragraph 66, Defendants allege that the cited Labor Code provisions and regulations in all respects speaks for themselves.  Except as expressly alleged, Defendants deny the allegations of paragraph 66.

67.    In response to paragraph 67, Defendants allege that Plaintiff was not an employee and so was not eligible for any alternative workweek schedule.  Except as expressly alleged, Defendants deny the allegations of paragraph 67.

68.    In response to paragraph 68, Defendants deny that Plaintiff was entitled to overtime wages.  Except as expressly alleged, Defendants deny the allegations of paragraph 68.

69.    Defendants deny the allegations of paragraph 69.

1

## COUNT V

### Failure to Reimburse Reasonable Business Expenses
### In Violation of California Labor Code §2802
### (Against All Defendants)

70.    Defendants reallege and incorporate herein by reference their responses to Paragraphs 1 through 69 as though set forth in full.

71.    In response to paragraph 71, Defendants allege that the cited Labor Code provisions and cases in all respects speaks for themselves.  Except as expressly alleged, Defendants deny the allegations of paragraph 71.

72.    In response to paragraph 72, Defendants allege that the cited Labor Code provisions and cases in all respects speaks for themselves.  Except as expressly alleged, Defendants deny the allegations of paragraph 72.

73.    Defendants deny the allegations of paragraph 73.

74.    Defendants deny the allegations of paragraph 74.

75.    Defendants deny the allegations of paragraph 75.

## COUNT VI

### Failure to Furnish and Maintain Accurate Wage Statements and Employment
### Records In Violation of California Labor Code §§226, 423, and 1198.5
### (Against All Defendants)

76.    Defendants reallege and incorporate herein by reference their responses to Paragraphs 1 through 75 as though set forth in full.

77.    In response to paragraph 77, Defendants allege that the cited Labor Code provisions and cases in all respects speaks for themselves.  Except as expressly alleged, Defendants deny the allegations of paragraph 77.

78.    Defendants deny the allegations of paragraph 78.

79.    Defendants deny the allegations of paragraph 79.

Mitchell
Silberberg &
Knupp LLP

20482619.3

ANSWER OF DEFENDANTS VALNET INC. AND VALNET U.S. INC.
TO PLAINTIFF'S COMPLAINT

80.     In response to paragraph 80, Defendants allege that the cited regulations in all respects speaks for themselves.  Except as expressly alleged, Defendants deny the allegations of paragraph 80.

81.     In response to paragraph 81, Defendants allege that the cited Labor Code provisions and regulations in all respects speaks for themselves.  Except as expressly alleged, Defendants deny the allegations of paragraph 81.

82.     In response to paragraph 82, Defendants allege that the cited Labor Code provisions in all respects speaks for themselves.  Except as expressly alleged, Defendants deny the allegations of paragraph 82.

83.     In response to paragraph 83, Defendants allege that Plaintiff did request certain records, but deny that that they are required to provide or maintain such records.  Except as expressly alleged, Defendants deny the allegations of paragraph 83.

84.     Defendants deny the allegations of paragraph 84.

85.     In response to paragraph 85, Defendants allege that the cited Labor Code provisions and cases in all respects speaks for themselves.  Except as expressly alleged, Defendants deny the allegations of paragraph 85.

86.     Defendants deny the allegations of paragraph 86.

87.     Defendants deny the allegations of paragraph 87.

88.     Defendants deny the allegations of paragraph 88.

## COUNT VII

### Failure to Provide Meal Periods

### In Violation of California Labor Code §§226.7, 512 and Wage Order 4

### (Against All Defendants)

89.     Defendants reallege and incorporate herein by reference their responses to Paragraphs 1 through 88 as though set forth in full.

90.     Defendants deny the allegations of paragraph 90.

**ANSWER OF DEFENDANTS VALNET INC. AND VALNET U.S. INC.
TO PLAINTIFF′S COMPLAINT**

91.     In response to paragraph 91, Defendants allege that the cited Labor Code provisions and regulations in all respects speaks for themselves.  Except as expressly alleged, Defendants deny the allegations of paragraph 91.

92.     In response to paragraph 92, Defendants allege that the cited Labor Code provisions and regulations in all respects speaks for themselves.  Except as expressly alleged, Defendants deny the allegations of paragraph 92.

93.     Defendants deny the allegations of paragraph 93.

94.     In response to paragraph 94, Defendants allege that they had no obligation to pay any additional hour of pay, and except as expressly alleged deny the allegations of Paragraph 94.

95.     Defendants deny the allegations of paragraph 95.

96.     In response to paragraph 96, Defendants allege that Plaintiff seeks certain recovery but deny that he is entitled to any such recovery and otherwise deny the allegations of paragraph 96.

<u>**COUNT VIII**</u>

**Failure to Provide Rest Periods**

**In Violation of California Labor Code §226.7 and Wage Order 4**

**(Against All Defendants)**

97.     Defendants reallege and incorporate herein by reference their responses to Paragraphs 1 through 96 as though set forth in full.

98.     Defendants deny the allegations of paragraph 98.

99.     Defendants deny the allegations of paragraph 99.

100.    In response to paragraph 100, Defendants allege that the cited Labor Code provisions and regulations in all respects speaks for themselves.  Except as expressly alleged, Defendants deny the allegations of paragraph 100.

101.    Defendants deny the allegations of paragraph 101.

102.    Defendants deny the allegations of paragraph 102.

Mitchell
Silberberg &
Knupp LLP

20482619.3

12

CASE NO. 24-CV-2298-RBM-AHG

**ANSWER OF DEFENDANTS VALNET INC. AND VALNET U.S. INC.
TO PLAINTIFF'S COMPLAINT**

1    103.   In response to paragraph 103, Defendants allege that Plaintiff seeks
2    certain recovery, but deny he is entitled to any such recovery or remedy, and
3    otherwise deny the allegations of paragraph 103.

### COUNT IX

**Failure to Timely Pay Wages Due at Termination**

**In Violation of California Labor Code §§201 and 203**

**(Against All Defendants)**

8    104.   Defendants reallege and incorporate herein by reference their responses
9    to Paragraphs 1 through 103 as though set forth in full.

10    105.   In response to paragraph 105, Defendants allege that the cited Labor
11    Code provision in all respects speaks for itself.  Except as expressly alleged,
12    Defendants deny the allegations of paragraph 105.

13    106.   In response to paragraph 106, Defendants allege that the cited Labor
14    Code provision in all respects speaks for itself.  Except as expressly alleged,
15    Defendants deny the allegations of paragraph 106.

16    107.   Defendants deny the allegations of paragraph 107.

17    108.   Defendants deny the allegations of paragraph 108.

18    109.   In response to paragraph 109, Defendants deny that Plaintiff is entitled
19    to any payment under the cited Labor Code sections, and otherwise deny the
20    allegations of paragraph 109.

### COUNT X

**Retaliation and Wrongful Termination**

**In Violation of California Labor Code §1102.5**

**(Against All Defendants)**

25    110.   Defendants reallege and incorporate herein by reference their responses
26    to Paragraphs 1 through 109 as though set forth in full.

Mitchell
Silberberg &
Knupp LLP

20482619.3

13    CASE NO. 24-CV-2298-RBM-AHG

**ANSWER OF DEFENDANTS VALNET INC. AND VALNET U.S. INC.
TO PLAINTIFF'S COMPLAINT**

111.   In response to paragraph 111, Defendants allege that the cited Labor Code provision in all respects speaks for itself.  Except as expressly alleged, Defendants deny the allegations of paragraph 111.

112.   In response to paragraph 112, Defendants allege that the cited Labor Code provision in all respects speaks for itself.  Except as expressly alleged, Defendants deny the allegations of paragraph 112.

113.   Defendants deny the allegations of paragraph 113.

114.   Defendants deny the allegations of paragraph 114.

115.   Defendants deny the allegations of paragraph 115.

116.   Defendants deny the allegations of paragraph 116.

117.   Defendants deny the allegations of paragraph 117.

118.   Defendants deny the allegations of paragraph 118.

119.   Defendants deny the allegations of paragraph 119.

## COUNT XI

### Wrongful Termination in Violation of Public Policy

### (Against All Defendants)

120.   Defendants reallege and incorporate herein by reference their responses to Paragraphs 1 through 119 as though set forth in full.

121.   Defendants deny the allegations of paragraph 121.

122.   Defendants deny the allegations of paragraph 122.

123.   Defendants deny the allegations of paragraph 123.

124.   Defendants deny the allegations of paragraph 124.

125.   Defendants deny the allegations of paragraph 125.

126.   Defendants deny the allegations of paragraph 126.

127.   Defendants deny the allegations of paragraph 127.

## COUNT XII

### Violation of California Business and Professions Code §16600.5

### (Against All Defendants)

128.   Defendants reallege and incorporate herein by reference their responses to Paragraphs 1 through 127 as though set forth in full.

129.   In response to paragraph 129, Defendants allege that the cited statutes and cases in all respects speaks for themselves.  Except as expressly alleged, Defendants deny the allegations of paragraph 129.

130.   In response to paragraph 130, Defendants allege that the cited Labor Code provisions and cases in all respects speaks for themselves.  Except as expressly alleged, Defendants deny the allegations of paragraph 130.

131.   In response to paragraph 131, Defendants allege that they have certain contracts the terms of which in all respects speak for themselves.  Except as expressly alleged, Defendants deny the allegations of paragraph 131.

132.   Defendants deny the allegations of paragraph 132.

133.   In response to paragraph 133, Defendants allege that the cited statutory provisions in all respects speak for themselves.  Except as expressly alleged, Defendants deny the allegations of paragraph 133.

134.   In response to paragraph 134, Defendants allege that the cited statutory provisions in all respects speak for themselves.  Except as expressly alleged, Defendants deny the allegations of paragraph 134.

135.   In response to paragraph 135, Defendants deny they had any obligation to provide the alleged notice, and otherwise deny the allegations of paragraph 135.

136.   Defendants deny the allegations of paragraph 136.

137.   Defendants deny the allegations of paragraph 137.

138.   Defendants deny the allegations of paragraph 138.

139.   Defendants deny the allegations of paragraph 139.

140.   Defendants deny the allegations of paragraph 140.

**ANSWER OF DEFENDANTS VALNET INC. AND VALNET U.S. INC.
TO PLAINTIFF'S COMPLAINT**

## COUNT XIII

### Violation of the Unfair Competition Law

### California Business & Professions Code §§17200, et seq.

### (Against All Defendants)

141.   Defendants reallege and incorporate herein by reference their responses to Paragraphs 1 through 140 as though set forth in full.

142.   Defendants deny the allegations of paragraph 142.

143.   Defendants deny the allegations of paragraph 143.

144.   Defendants deny the allegations of paragraph 144.

145.   Defendants deny the allegations of paragraph 145.

146.   Defendants deny the allegations of paragraph 146.

147.   Defendants deny the allegations of paragraph 147.

148.   Defendants deny the allegations of paragraph 148.

149.   Defendants deny the allegations of paragraph 149.

## COUNT XIV

### Additional PAGA Penalties

### California Labor Code §§2698, et seq.

### (Against All Defendants)

150.   Defendants reallege and incorporate herein by reference their responses to Paragraphs 1 through 149 as though set forth in full.

151.   Defendants deny the allegations of paragraph 151.

152.   Defendants deny the allegations of paragraph 152.

153.   In response to paragraph 153, Defendants deny any obligation to cure any violations, and otherwise deny the allegations of paragraph 153.

154.   In response to paragraph 154, Defendants allege that the cited statutory provisions in all respects speak for themselves.  Except as expressly alleged, Defendants deny the allegations of paragraph 154.

Mitchell
Silberberg &
Knupp LLP

20482619.3

155.   In response to paragraph 155, Defendants allege that the cited statutory Labor Code provisions in all respects speak for themselves.  Except as expressly alleged, Defendants deny the allegations of paragraph 155.

156.   Defendants deny the allegations of paragraph 156.

157.   In response to paragraph 157, Defendants admit that Plaintiff seeks certain penalties, but deny he is entitled to any such penalties, and otherwise deny the allegations of paragraph 157.

158.   In response to paragraph 158, Defendants admit that Plaintiff seeks certain penalties, but deny he is entitled to any such penalties, and otherwise deny the allegations of paragraph 158.

159.   In response to paragraph 159, Defendants admit that Plaintiff seeks fees and costs, but deny he is entitled to any such fees and costs, and otherwise deny the allegations of paragraph 159.

## **PRAYER**

The relief requested requires no response as there are no facts alleged therein. To the extent any response is required, Defendants deny the allegations in the relief requested, object to the relief requested, and deny that Plaintiff is entitled to any of the relief requested in the Complaint (or any other relief whatsoever).

## **AFFIRMATIVE DEFENSES**

Without waiving or excusing the burden of proof of Plaintiff or of any aggrieved employee, or admitting that Defendants have any burden of proof, or admitting that any of these affirmative defenses are in fact affirmative defenses as to which Defendants bear the burden of proof as opposed to matters on which Plaintiff and the purported class members bear the burden of proof, Defendants assert the following separate affirmative defenses.

ANSWER OF DEFENDANTS VALNET INC. AND VALNET U.S. INC.
TO PLAINTIFF'S COMPLAINT

## FIRST AFFIRMATIVE DEFENSE

### [Improper Venue]

1.    Venue is not proper in this Court because, among other reasons, a contract between Plaintiff and defendant Valnet Inc. specifies venue elsewhere.

## SECOND AFFIRMATIVE DEFENSE

### [Lack of Subject Matter Jurisdiction]

2.    There is no diversity jurisdiction in this Court.

## THIRD AFFIRMATIVE DEFENSE

### [Another Action Pending]

3.    The claims asserted by Plaintiff under the Private Attorneys General Act ("PAGA") should be barred or stayed because there is another earlier filed action including PAGA claims pending in Los Angeles Superior Court.

## FOURTH AFFIRMATIVE DEFENSE

### [Failure to State a Cause of Action]

4.    The Complaint, in whole or in part, fails to state facts sufficient to constitute a cause of action brought on behalf of Plaintiff and/or alleged aggrieved PAGA employees.

## FIFTH AFFIRMATIVE DEFENSE

### [Arbitration]

5.    The claims of certain purported aggrieved employees are barred in court, in whole or in part, because such persons have agreed to arbitrate the claims at issue.  Defendants, by answering the Complaint, do not waive and specifically preserve all their rights to compel arbitration as to such persons.

## SIXTH AFFIRMATIVE DEFENSE

### [Statute of Limitations]

6.    Plaintiff's claims and the claims of each purported aggrieved employee, or some of them, are barred, in whole or in part, by the applicable statutes of limitations, including without limitation, the statute of limitations in California

Labor Code Section 203, California Labor Code Section 2699.3, the one-year limitations period contained in CCP Sections 340(a) and (b), the two-year limitations period contained in CCP Section 339(1), the two-year statute of limitations applicable to claims for intentional torts contained in CCP Section 335.1, the three-year limitations period contained in CCP Section 338, the four-year limitations period contained in CCP Section 337(1), the four-year "catch all" statute of limitations contained in CCP Section 343, the four-year limitations period contained in California Business and Professions Code Section 17208.

### SEVENTH AFFIRMATIVE DEFENSE

**[Administrative Remedies]**

7.     Plaintiff's claims and the claims of each purported aggrieved employees, or some of them, are barred, in whole or in part, due to Plaintiff's and/or purported aggrieved employees' failure to exhaust internal and/or administrative remedies.

### EIGHTH AFFIRMATIVE DEFENSE

**[Failure to Pursue Corrective Measures]**

8.     The Complaint is barred, in whole or in part, to the extent that Plaintiff and/or any purported aggrieved employee failed to take advantage of any preventive or corrective opportunities provided by Defendants, or otherwise, to avoid the damages about which they complain, prior to the filing of the Complaint.

### NINTH AFFIRMATIVE DEFENSE

**[Res Judicata and Collateral Estoppel]**

9.     Plaintiff's claims and the claims of each purported aggrieved employee, or some of them, are barred, in whole or in part, because of res judicata and/or collateral estoppel.

Mitchell
Silberberg &
Knupp LLP
20482619.3

19                    CASE NO. 24-CV-2298-RBM-AHG
ANSWER OF DEFENDANTS VALNET INC. AND VALNET U.S. INC.
TO PLAINTIFF'S COMPLAINT

## TENTH AFFIRMATIVE DEFENSE

### [Estoppel]

10.    Plaintiff's claims and the claims of each purported aggrieved employee, or some of them, are barred, in whole or in part, because Plaintiff and the purported class members and/or aggrieved employees are estopped by their own conduct to claim any right to damages or other relief from Defendants.

## ELEVENTH AFFIRMATIVE DEFENSE

### [Laches]

11.    Plaintiff's claims and the claims of each purported aggrieved employee, or some of them, are barred, in whole or in part, by the doctrine of laches.

## TWELFTH AFFIRMATIVE DEFENSE

### [Unclean Hands]

12.    Plaintiff's claims and the claims of each purported aggrieved employee, or some of them, are barred, in whole or in part, by unclean hands and/or inequitable or wrongful conduct.

## THIRTEENTH AFFIRMATIVE DEFENSE

### [Waiver]

13.    Plaintiff's claims and the claims of each purported aggrieved employee, or some of them, are barred, in whole or in part, because such claims have been waived, discharged and/or abandoned.

## FOURTEENTH AFFIRMATIVE DEFENSE

### [Good Faith]

14.    Neither Plaintiff nor any purported aggrieved employee is entitled to any penalty or liquidated damages award, including, but not limited to any penalties or liquidated damages.  That is because, at all relevant times, Defendants acted in good faith and had reasonable grounds for believing that Defendants did not violate relevant laws or the specified provisions.

## FIFTEENTH AFFIRMATIVE DEFENSE

### [Consent/Ratification]

15.    Plaintiff's claims and the claims of each purported aggrieved employee, or some of them, are barred, in whole or in part, by Plaintiff's and/or aggrieved employees' express or implied consent to the conduct of which they complain and/or ratification of that conduct.

## SIXTEENTH AFFIRMATIVE DEFENSE

### [Lack of Willfulness or Knowing or Intentional Conduct]

16.    Neither Plaintiff nor any purported aggrieved employee is entitled to any penalty or liquidated damages award, including, but not limited to any penalties or liquidated damages under California Labor Code Sections 201, 202, 203, 226, 226.7, 558, 1174, 1175, 1194, 1194.2, and/or 1197.1, the Industrial Welfare Commission Wage Orders; and/or penalties alleged in the Complaint.  That is because, at all relevant times, Defendants did not act willfully, knowingly, or intentionally.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### [Compliance or Substantial Compliance with Legal Obligations]

17.    Plaintiff's claims and the claims of each purported aggrieved employee, or some of them, are barred because Defendants complied, substantially complied, or sought in good faith to comply, with all obligations under the law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### [Release or Settlement]

18.    The claims of the purported aggrieved employees, or some of them, are barred, in whole or in part, because such claims have been released or settled in exchange for full and adequate consideration.

## NINETEENTH AFFIRMATIVE DEFENSE

### [Accord and Satisfaction]

19.    The claims of each purported aggrieved employee, or some of them, are barred, in whole or in part, by the doctrine of accord and satisfaction.

## TWENTIETH AFFIRMATIVE DEFENSE

### [Mitigation of Damages]

20.    Plaintiff's claims and the claims of each purported aggrieved employee, or some of them, are barred, in whole and in part, because Plaintiff and each such purported aggrieved employee have not appropriately nor adequately mitigated their alleged damages or injury.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### [Setoff]

21.    If Plaintiff or any purported aggrieved employee is entitled to any recovery, which Defendants specifically deny, Defendants are entitled under the equitable doctrine of setoff and recoupment to offset obligations owed to Defendants by Plaintiff and/or the purported aggrieved employees against any judgment that may be entered.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### [De Minimis – Unpaid Wages]

22.    Defendants allege that, even if Plaintiff and/or the purported aggrieved employees were not paid for all work performed (which Defendants specifically deny), such work is not compensable pursuant to the *de minimis* doctrine.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### [No Actual Injury]

23.    Plaintiff's and the purported aggrieved employees' claims are barred on the ground that Plaintiff and the purported aggrieved employees did not suffer any actual injury as a result of any alleged violation by Defendants.

1

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### [Injunctive Relief Improper]

24.    Plaintiff's and the aggrieved employees' claims for injunctive relief are barred because they have an adequate and complete remedy at law and/or cannot make the other requisite showings to obtain injunctive relief.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### [Unconstitutionality of Penalties or Punitive Damages]

25.    Neither Plaintiff nor any aggrieved employee is entitled to recover any punitive or penal damages, such as the statutory penalties Plaintiff and the purported aggrieved employees seek.  That is because any award of such penalties or liquidated damages would, in general or under the facts of the particular claims, violate Defendants' constitutional rights under the provisions of the United States and California Constitutions including, but not limited to, the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution and the excessive fines and the cruel and unusual punishment clauses of the Eighth Amendment of the United States Constitution, as well as the due process and excessive fines clauses contained in the California Constitution.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### [Lack of Standing]

26.    Plaintiff's claims and the claims of each purported aggrieved employee, or some of them, are barred, in whole or in part, for lack of standing.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### [No Employment Relationship]

27.    Plaintiff and each purported aggrieved employee were not employees but rather are independent contractors, including but not limited to, under the terms of California Labor Code sections 2775, 2776, 2777, 2778, 2779 and/or 2780.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### [Apportionment of Responsibility/Indemnity or Contribution]

28.    The alleged damages, injuries, and/or losses suffered by Plaintiff and the purported aggrieved employees, if any, proximately resulted from the acts of parties, persons, and/or entities other than Defendants, and Defendants' liability, if any, is therefore altogether barred or limited in direct proportion to the percentage of fault actually attributable to Defendants.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### [Waiver of Meal or Rest Breaks]

29.    The Complaint, and each purported cause of action contained therein, is barred to the extent Plaintiff or any purported aggrieved employees waived their right to take meal or rest breaks pursuant to the California Labor Code and/or any applicable Wage Order.

## THIRTIETH AFFIRMATIVE DEFENSE

### [No Knowledge]

30.    The Complaint, and each purported cause of action contained therein, is barred because Defendants had no knowledge of any uncompensated work performed by Plaintiff or purported aggrieved employees.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### [Lack of Personal Jurisdiction]

31.    This is no personal jurisdiction over one or both Defendants.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### [Lack of Manageability to Proceed as a Class or Representative Action]

32.    Plaintiff's claims are barred because proceeding as a PAGA action would not be manageable as the facts and law common to the case are insignificant compared to the individual facts and issues particular to Plaintiff or other purported aggrieved employees, and a PAGA action could not otherwise be effectively tried.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### [No Double Recovery]

33.     To the extent Plaintiff and any purported aggrieved employee is entitled to any recovery, which Defendants deny, Plaintiff and each purported aggrieved employee are barred and precluded from securing any double recovery.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### [Failure to Comply with PAGA Requirements]

34.     Claims by Plaintiff and/or the purported aggrieved employees brought under PAGA are barred, in whole or in part, due to Plaintiff's and each putative aggrieved employee's failure to comply with PAGA administrative requirements, including but not limited to the failure to timely provide the Labor and Workforce Development Agency with sufficient notice of their claims and/or otherwise meet the requirements of PAGA, and/or to timely file the PAGA action.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### [Unconstitutionality of PAGA]

35.     Any finding of liability under PAGA or the manner in which penalties accrue would violate the due process clause of the Fourteenth Amendment to the United States Constitution, and of Article I, Section 7 of the California Constitution, because the standards of liability and remedies under these statutes are unduly vague and subjective, and permit retroactive, random, arbitrary, and capricious punishment that serves no legitimate governmental interest.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### [Penalties Cannot Be Determined on a Representative or Community-Wide Basis]

36.     Plaintiff's claims for penalties under PAGA cannot be determined on a representative or community-wide basis.

ANSWER OF DEFENDANTS VALNET INC. AND VALNET U.S. INC.
TO PLAINTIFF'S COMPLAINT

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### [PAGA Award Would Be Unjust, Arbitrary and
### Oppressive, and/or Confiscatory]

37.     Plaintiff and/or the purported aggrieved employees are barred from relief, in whole or in part, on the basis that any award of penalties under PAGA would be unjust, arbitrary and oppressive, and/or confiscatory.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### [Same Decision]

38.     Even if Plaintiff's alleged protected conduct were a motivating factor in any decision regarding Plaintiff's work, which Defendants deny, Plaintiff is not entitled to any damages because the same decision(s) would have been made even if Plaintiff's alleged protected conduct had not played a role in the decision(s).

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### [Legitimate and Non-Retaliatory Reasons]

39.     At all times material herein, there were legitimate, non-retaliatory business reasons for any decisions respecting Plaintiff's work.

## FORTIETH AFFIRMATIVE DEFENSE

### [Business Judgment Rule]

40.     Plaintiff's claims are barred, in whole or in part, because any decisions with respect to Plaintiff's work were reasonably based on the facts as understood by Valnet Inc.

## FORTY-FIRST AFFIRMATIVE DEFENSE

### [Privileged Conduct]

41.     Plaintiff's claims are barred, in whole or in part, because any decisions regarding Plaintiff's work represented a privileged right to engage in lawful, permissible conduct in pursuit of legitimate economic interests.

Mitchell
Silberberg &
Knupp LLP

20482619.3

26          CASE NO. 24-CV-2298-RBM-AHG
ANSWER OF DEFENDANTS VALNET INC. AND VALNET U.S. INC.
TO PLAINTIFF'S COMPLAINT

## FORTY-SECOND AFFIRMATIVE DEFENSE

### [Good Faith]

42.    Plaintiff's claims are barred, in whole or in part, because any decisions about Plaintiff's work were made in good faith, with respect to legitimate business interests, and/or in the exercise of managerial discretion.

## FORTY-THIRD AFFIRMATIVE DEFENSE

### [After-Acquired Evidence]

43.    Plaintiff's claims are barred and/or his damages must be reduced, in whole or in part, to the extent there is any after-acquired evidence of his misconduct.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

### [Workers' Compensation Exclusivity or Set Off]

44.    Plaintiff's claims are preempted and barred, in whole or in part, by the exclusivity provisions of California Labor Code Section 3600, et seq., or any collection under workers' compensation must be offset against Plaintiff's alleged damages.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

### [Comparative Fault of Plaintiff]

45.    Plaintiff's alleged damages, injuries, and/or losses, if any, were proximately caused and contributed to by the negligence, breach of contract, or other fault or misconduct of Plaintiff or Plaintiff's agents and, by reason thereof, any recovery by Plaintiff against Defendants must be reduced by an amount equal to the proportionate fault of Plaintiff or Plaintiff's agents pursuant to applicable law.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

### [Reservation of Rights]

46.    Defendants do not presently know all of the facts and circumstances respecting Plaintiff's and the purported aggrieved employees' claims.  Defendants reserve the right to amend this Answer should they later discover facts demonstrating the existence of additional affirmative defenses.

1

## DEFENDANTS' PRAYER FOR RELIEF

2    WHEREFORE, Defendants Valnet Inc. and Valnet U.S. Inc. respectfully

3 requests that the Court enter judgment in their favor and against Plaintiff, as follows:

4    1.    Denying all relief sought by Plaintiff in the Complaint;

5    2.    Dismissing the Complaint in its entirety with prejudice;

6    3.    Finding that Plaintiff is not entitled to damages or attorney's fees;

7    4.    Awarding Defendants' costs, including reasonable attorneys' fees; and

8    5.    Granting all such other and further relief as the Court may deem just

9 and proper.

10 Dated: February 14, 2025        RESPECTFULLY SUBMITTED,

11                                KEVIN E. GAUT
12                                MITCHELL SILBERBERG & KNUPP LLP

13

14 By: _____
                                 Kevin E. Gaut
15                               Attorneys for Defendants
                                 Valnet Inc. and Valnet U.S. Inc.

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

20482619.3

28        CASE NO. 24-CV-2298-RBM-AHG
ANSWER OF DEFENDANTS VALNET INC. AND VALNET U.S. INC.
TO PLAINTIFF'S COMPLAINT

1

**DEMAND FOR JURY TRIAL**

2

Defendants Valnet Inc. and Valnet U.S. Inc. hereby demand a trial by jury.

3

Dated: February 14, 2025                  RESPECTFULLY SUBMITTED,

4

KEVIN E. GAUT

5

MITCHELL SILBERBERG & KNUPP LLP

6

7

By: _____

Kevin E. Gaut

8

Attorneys for Defendants
Valnet Inc. and Valnet U.S. Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

20482619.3

29                    CASE NO. 24-CV-2298-RBM-AHG

**ANSWER OF DEFENDANTS VALNET INC. AND VALNET U.S. INC.
TO PLAINTIFF'S COMPLAINT**